Dear Mr. Malone
You have requested the opinion of this office on several issues related to fire protection districts and areas thereof which have been annexed by municipalities.
We are aware of the proceedings styled "Caddo Fire Protection District Two, Three, Five, Six v. A. T. (Mike) Clingan, C.L.A., Assessor for Caddo Parish", bearing Docket no. 385,896 of the 1st Judicial District Court, and were originally reluctant to address your questions in light of our policy to refrain from addressing issues that are the subject of pending litigation. However, based upon your assurances that the issues presented by your letter were not, and will not be before the courts in connection with that litigation, we have agreed to respond to your request. Your questions, and our opinion as to each, follow.
 "1. If a municipality annexes a portion of a fire protection district into its corporate limits without entering into a service contract with the fire district, then, in the event of an election for taxes or bonds in the district, who would be eligible to vote on the tax and/or bond proposition? The voters in the fire district which have been annexed into the municipality or the voters in the original portion of the fire district which have not been annexed into the municipality?"
In this regard, we refer you to Chapter 6-A of Title 18 of the Louisiana Revised Statutes, entitled "Bond, Debt, and Tax Elections". R.S. 18:1282 thereof states that for purposes of Chapter 6-A, the term "political subdivision" means and includes fire protection districts. R.S. 18:1290, also contained within Chapter 6-A, provides:
 "All qualified electors of the political subdivision ordering the election shall be entitled to vote in an election on the issuance of bonds, levying or increase of a tax, or the assumption of indebtedness by the political subdivision. . . . (Emphasis added).
In our opinion, all voters of the fire protection district, (including both voters residing in the portion of the district which has been annexed by the municipality as well as those within the areas of the district which have not been annexed) would be eligible to vote in elections regarding the levy of taxes and/or the issuance of bonds by the district.
 "2. What portion of the fire district would be assessed the tax within the district in the event of its passage?"
Assuming there is no contract between the municipality and the district, it is our opinion that the entire area of the district, including those areas annexed by the municipality, should be assessed. See also Attorney General's Opinions No. 93-564 and No. 92-296, and our response to your question No. 7.
 "3. If a municipality annexes a portion of a fire district and the fire district enters into a service contract with the annexing municipality, then, who would be eligible to vote on future tax and/or bond propositions in the district? The voters in the original district or the voters who have have been annexed into the municipality?"
Before addressing this question, it is important to note that a fire protection district is not redistricted, nor are its boundaries changed, by virtue of the fact that a portion of the district has been annexed by a municipality, even when the municipality and the district enter into a contract regarding jurisdiction. Fire protection districts are created by parish governing authorities in accordance with statute, and it is parish governing authorities that are given the authority to redistrict same, in accordance with R.S. 40:1491, et seq.
Turning to your question, we have previously noted that R.S.18:1290 provides that "All qualified electors of the political subdivision . . . shall be entitled to vote . . ." in district elections. We are also aware of R.S. 33:221, which provides that if the annexing municipality and the district enter into a contract which grants the municipality jurisdiction to serve the annexed area, then the district cannot thereafter levy new taxes in the annexed area. However, R.S. 33:221 does not address how elections regarding new taxes to be levied in such districts should be conducted.
It appears that such districts are faced with the anomolous situation whereby they cannot levy new taxes in the areas annexed by the municipality (R.S. 33:221), but that the voters of the entire district, even though voters in some areas of the district will not be subjected to such taxes, must be given the right to vote in the election (R.S. 18:1290).
 "4. What portion of the fire district would be assessed the tax within the district in the event of its passage?"
In accordance with R.S. 33:221, when areas of a fire protection district have been annexed by a municipality, and the municipality and the district have entered into a contract granting the municipality jurisdiction to serve the annexed area, ". . . the district shall not thereafter be authorized to levy any new maintenance taxes in the annexed area . . . and taxes shall not be levied in the annexed area for the retirement of new bonds of the district. . .". See also Attorney General's Opinions No. 93-564 and No. 92-290 and our response to your question No. 7.
 "5. Can a fire district call an election within its district and exclude voters within the the district from voting on the proposition if the voters have been annexed into a municipality and the fire district has never entered into a service contract with the municipality?"
In accordance with R.S. 18:1290, it is the opinion of this office that all voters of the district, including those w thin areas annexed by the municipality, are entitled to vote in district elections.
 "6. Can a fire district call an election within its district and exclude voters within the district from voting on the proposition if the voters have been annexed into a municipality and the fire district has entered into a service contract with the municipality?"
In accordance with R.S. 18:1290, it is the opinion of this office that all voters of the district, including those within areas annexed by the municipality, are entitled to vote in district elections, even when the annexing municipality has been contractually given jurisdiction to serve the annexed area.
 "7. With regard to questions #5 and #6 above, what portion of the fire district would be assessed the tax within the district in the event of its passage?"
In accordance with Attorney General's Opinions No. 92-296 and 93-564, it is the opinion of this office that a fire protection district cannot assess renewed taxes or new taxes in areas annexed by the municipality if the district has entered into a contract with the municipality and agreed that the municipality should have exclusive jurisdiction to serve the annexed area. Conversely, in the absence of such an agreement, the district can assess renewed taxes as well as new taxes in annexed areas.
Trusting this opinion adequately addresses all questions and issues regarding these matters, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 343n
cc: Chief Douglas W. Robison